UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 4:17-cr-00459 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Docs. 30 & 32] |
| RYAN D. DRUMMOND, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Defendant Ryan Drummond does not raise extraordinary and compelling reasons warranting a sentence reduction, the Court **DENIES** Defendant's compassionate release motion.

## I.  Background

In 2018, Defendant Drummond pleaded guilty to a gun possession offense.[1] The Court imposed a below-Guidelines 90-month prison sentence.[2]

In late September 2020, Drummond filed a *pro se* motion for compassionate release.[3]  Although the Court appointed counsel for Defendant in October 2020, that counsel did not supplement Defendant's motion until April 5, 2022.[4]  The Government then filed an opposition brief.[5]

## II.  Compassionate Release Framework and the COIVD-19 Pandemic

---

[1] Doc. 15.
[2] Doc. 29 (Sealed).
[3] Doc. 30.
[4] Doc. 32.  On March 31, 2022, the Court ordered defense counsel to file a motion within seven days.
[5] Doc. 35.  The Government filed Defendant's medical records under seal.  Doc. 36.

Case No. 4:17-cr-00459
GWIN, J.

In 2018, Congress changed the law to make compassionate release more readily available to federal inmates.[6] Under the new rules, to bring a motion, a defendant must first meet the "exhaustion requirement" by filing a motion with the prison warden and waiting thirty days.[7]

After that, a defendant must show two things to obtain relief. First, the defendant must demonstrate that there are "extraordinary and compelling reasons for release."[8] Second, the defendant must show that the applicable 18 U.S.C. § 3553(a) sentencing factors also support release.[9]

### III. Extraordinary and Compelling Reasons

In general, the Court has "discretion to define [what counts as] 'extraordinary and compelling' on [its] own initiative."[10]

But there are certain circumstances that courts cannot consider. Courts cannot consider facts that existed when the defendant was originally sentenced.[11]

And, a defendant's COVID-19-based petitions generally cannot warrant relief. In a 2021 decision, the U.S. Court of Appeals for the Sixth Circuit—whose rulings bind this Court—ruled that a defendant who has the opportunity to receive a COVID-19 vaccine generally cannot succeed on a motion citing the risk of contracting COIVD-19.[12] And, only in certain rare circumstances in which a defendant presents a "compelling reason justifying

---

[6] *See United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (discussing statute's history and purpose).
[7] *United States v. Alam,* 960 F.3d 831, 832 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).
[8] *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *2 (6th Cir. Apr. 14, 2022).
[9] *Id.* The Sixth Circuit has said that the defendant does not have to make any arguments regarding the Sentencing Commission policy statements. *Id.*
[10] *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[11] *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).
[12] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citations omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

- 2 -

Case No. 4:17-cr-00459
GWIN, J.

the failure to be vaccinated despite access to the vaccine," can an unvaccinated person present a successful compassionate release COVID-19 claim.[13]

Other arguments, however, could warrant relief, especially when taken together. For example, a defendant's age and declining health conditions—independent of COVID-19 risk—may be considered extraordinary and compelling reasons.[14] Courts have also found extraordinary and compelling reasons where the defendant was "the sole available family member to care reliably for his two minor children."[15]

Lastly, the rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release.[16] But, evidence demonstrating "rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist."[17]

IV. Discussion

Because the Court decides this motion based on Defendant Drummond's lack of extraordinary and compelling reasons, it does not need to consider the application of the § 3553(a) factors.[18]

---

[13] *Id; see also United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk.").

[14] *See, e.g., United States v. Stacks*, No. 1-cr-135, 2022 WL 1214883, at *3 (W.D.N.C. Apr. 25, 2022) (granting relief where "Defendant (1) [was] more than 65 years old, (2) [was] experiencing a serious decline in his health because of aging, and (3) [ . . . ] served well more than 10 years in prison.").

[15] *United States v. Francisco-Ovalle*, No. 18-cr-526, 2022 WL 1094730, at *2 (S.D.N.Y. Apr. 12, 2022) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)).

[16] 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

[17] *United States v. Hernandez-Carrillo*, No. 2:08-CR-55-2, 2022 WL 633568, at *2 (S.D. Ohio Mar. 4, 2022); *see also United States v. Glynn*, No. 06-cr-580, 2022 WL 562652, at *5 (S.D.N.Y. Feb. 24, 2022) ("The Court may now take account of [Defendant's] upbringing and relative youth at the time of the offense conduct in conjunction with the evidence of his rehabilitation and changed character in the twenty years that [Defendant] has been in custody -- something the Court could not consider at the time of sentencing -- and this contributes to the Court's assessment of the extraordinary and compelling circumstances warranting a reduction in [Defendant's] sentence.").

[18] *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

Case No. 4:17-cr-00459
GWIN, J.

Defendant's *pro se* motion cites the COIVD-19 pandemic and his rehabilitation as grounds for relief.[19] In particular, Defendant references his preexisting conditions of asthma and pre-diabetes, which put him at risk for serve illness from COIVD-19.[20] He also cites the crowded and unsanitary conditions at FCI Hazelton when he filed the *pro se* motion in September 2020.[21] And he presents his admirable achievements while incarcerated, including classes he completed and his placement in an "honor dormitory."[22] And lastly, he refers to his supportive family.[23]

These grounds do not allow the Court to grant compassionate release. The COIVD-19 argument is foreclosed by Sixth Circuit precedent. Also, Defendant declined to be vaccinated and has not provided a compelling justification for the refusal.[24] Defendant does not contend that he is the only caretaker to provide for his family. And while laudable, Defendant's rehabilitative efforts, on their own, do not provide grounds for a sentence reduction.

### V. Conclusion

The Court **DENIES** the compassionate release motion.

IT IS SO ORDERED.

Dated: May 27, 2022

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[19] Doc. 30-1. Defendant's counsel-assisted motion does not raise any specific compelling and extraordinary circumstances, despite its brief headings that purport to do so.
[20] *Id.* at 7–8.
[21] *Id.* at 8.
[22] *Id.* at 3.
[23] *Id.* at 4.
[24] Doc. 35 at 7 (citing Ex. 3).

- 4 -